UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David John Johnson,

        Plaintiff,

v.

MUY Pizza Minnesota, LLC,

        Defendant.

Case No. 17-cv-3649 (JRT/SER)

REPORT AND RECOMMENDATION

David John Johnson, *pro se*, Fridley, Minnesota.

Alex M. Hagstrom and William A. McNab, Esqs., Winthrop & Weinstine, PA, Minneapolis, Minnesota, for Defendant.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendant MUY Pizza Minnesota, LLC's ("MUY") Motion to Dismiss [Doc. No. 6]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. (Order of Reference) [Doc. No. 15]. For the reasons stated below, the Court recommends granting the Motion to Dismiss.

I.    BACKGROUND

    A.    Factual Background

Plaintiff David John Johnson ("Johnson") works for MUY, which does business as Pizza Hut in its store in St. Louis Park, Minnesota. (Compl.) [Doc. No. 1 at 2]. He alleges that this Pizza Hut location had maintenance issues, causing Johnson and others to "wash dishes standing in . . . water an inch to two inches filled with bacteria . . . ." (*Id.* ¶ 11). As a result, Johnson alleges that he "has incurred and continues to incur foot mycosis, medical expenses and cost."

(*Id.* ¶ 12). Johnson also alleges various Pizza Hut employees engaged in inappropriate behavior, but the only legal claim he makes is for personal injury. *See* (*id.* at 3–4). Specifically, Johnson alleges that MUY "failed to take timely and appropriate action to fix problems"; MUY's "negligence resulted in personal injury to plaintiff and possibly other employees"; and MUY "is liable for medical expenses and compensation, Minn. Stat. § 176.021."[1] (*Id.* ¶¶ 27–29).

### B. Procedural Background

Johnson initiated this lawsuit on August 9, 2017, and MUY moved to dismiss later that month. (Compl.); (Mot. to Dismiss). The Court heard oral argument on November 2, 2017. (Minute Entry Dated Nov. 2, 2017) [Doc. No. 27].

Johnson then asked the Court to postpone its ruling on the Motion to Dismiss and asked for an unspecified amount of additional time "to seek legal guidance on the best course of action." (Mot. for Postponement of Ruling on Def.'s Mot. to Dismiss) [Doc. No. 28]. Johnson also suggested that it was advantageous for the parties to settle. *See* (*id.*). The Court granted Johnson's request, allowing Johnson until December 27, 2017, to consult with an attorney. (Order Dated Nov. 27, 2017) [Doc. No. 31 at 2]. The Court specifically noted that "unless the parties stipulate to the dismissal of this case or Johnson voluntarily dismisses this case, the Motion to Dismiss will be taken under advisement on December 27, 2017." (*Id.*).

To date, neither party has filed any additional documents with the Court; therefore the Motion to Dismiss is ripe for adjudication.

## II. DISCUSSION

MUY argues the Complaint should be dismissed for lack of subject-matter jurisdiction for two reasons: (1) the Court lacks diversity jurisdiction because Johnson is a resident of

---

[1] This statute is part of the Minnesota Workers' Compensation Act (the "MWCA") and governs the MWCA's application, burden of proof, liability, compensation, and other provisions.

Minnesota, not Wisconsin; and (2) the Court lacks jurisdiction over Johnson's claim under the MWCA. (Def.'s Mem. in Supp. of Mot. to Dismiss. "Mem. in Supp.") [Doc. No. 8 at 7–13]. MUY argues the remaining allegations in Johnson's Complaint are irrelevant and should also be dismissed. *See* (*id.* at 13). The Court concludes it lacks subject matter jurisdiction, and recommends the Compliant be dismissed.

### A. Legal Standard

A complaint may be filed in federal court if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Subject matter jurisdiction asserted under 28 U.S.C. § 1332 may be maintained only where there is complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotation marks omitted).

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013) (Tunheim, J.). When, as here, a defendant challenges the factual assertions that underpin the jurisdictional claim, a court may consider matters outside the pleadings. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). The plaintiff must establish jurisdiction "by competent proof and by a preponderance of the evidence." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017). "Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely." *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768–69 (8th Cir. 2005). A court relies on objective factors such as "declarations, exercise of civil and

political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Eckerberg*, 860 F.3d at 1085 (internal quotation marks omitted).

**B.     Analysis**

Johnson alleges the basis of the Court's jurisdiction is diversity because he "is a resident of Wisconsin and resides in Anoka County, Fridley, Minnesota," and MUY is a limited liability corporation incorporated in Texas and doing business in Minnesota. (Compl. ¶¶ 5–6). The parties do not dispute that MUY is considered a citizen of both Texas and Minnesota because its members are domiciled in both Texas and Minnesota. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."); (Decl. of Dawson Bremer in Supp. of Mot. to Dismiss, "Bremer Decl.") [Doc. No. 9 ¶ 3] (statement from MUY's chief legal officer that MUY "is a Texas limited liability company, having members domiciled in both the state of Texas and the state of Minnesota"); (Pl.'s Opp'n to Mot. to Dismiss, "Mem. in Opp'n") [Doc. No. 21 at 2] (addressing only Johnson's citizenship status). Therefore the issue is whether Johnson is a resident of Minnesota. If he is, the Court lacks diversity jurisdiction. *OnePoint*, 486 F.3d at 346 ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.").

MUY argues that Johnson's claim that he is a resident of Wisconsin is an "unsupported assertion" because he: (1) has worked in Minnesota since at least 2006; (2) banks in Minnesota; and (3) used his Fridley, Minnesota address when applying to work for MUY. (Mem. in Supp. at 10); *see also* (Bremer Decl. ¶¶ 6–7); (Ex. A, Attached to Bremer Decl.) (direct deposit authorization). Johnson argues that he (1) rents a "temporary room"; (2) has a Wisconsin driver's license; (3) has car insurance in Wisconsin which also reflects his Wisconsin address; (4) is

registered to vote in Wisconsin; (5) has been called for jury duty twice in Wisconsin; and (6) is only living in Minnesota temporarily until his company is "up and running." (Mem. in Opp'n at 2); *see also* (Ex. A) [Doc. No. 22]; (Ex. B) [Doc. No. 23-1 at 1–2].

The Court concludes Johnson is—and has been for the past several years—physically present in Minnesota. *See Altimore*, 420 F.3d at 768–69. MUY's exhibits establish Johnson worked at the Pizza Hut franchise in St. Louis Park, Minnesota that MUY purchased in December 2013. (Bremer Decl. ¶ 4). MUY sought applications for employment from that location's employees. (*Id.* ¶ 5). Johnson applied using his Fridley, Minnesota address and authorized direct deposit into a Wells Fargo bank in St. Louis Park, Minnesota. (*Id.* ¶ 7); *see also* (Ex. A, Attached to Bremer Decl.) (direct deposit authorization). Johnson does not dispute any of MUY's assertions in these respects. *See generally* (Mem. in Opp'n). Thus, the Court concludes Johnson is physically present in Minnesota.

The general thrust of Johnson's argument in his brief and at oral argument, however, is that he intends to return to Wisconsin to live. *See* (Mem. in Opp'n at 2). The only specific support Johnson offers in this regard is that he will return to Wisconsin when his business is "up and running." (Mem. in Opp'n at 2). This type of "floating intention" to return to Wisconsin at an unknown point in time, contrary to Johnson's assertion, demonstrates that he intends to remain in Minnesota indefinitely.

Two examples from case law demonstrate this principal. In *Gilbert v. David*, 235 U.S. 561, 569–70 (1915), the Supreme Court considered whether a plaintiff who moved from Michigan to Connecticut resided in Connecticut. *Id.* The plaintiff moved to Connecticut with his family, owned a home in Connecticut, and took a letter from his church in Michigan to a church in Connecticut. *Id.* at 570. He sold his home in Michigan and most of his furniture, with the

exception of his desk, and "continued to pay membership dues to orders to which he belonged in Michigan." *Id.* The Supreme Court concluded that the plaintiff had "some floating intention of returning to Michigan after the determination of certain litigation and the disposition of his property in Connecticut" but that "floating intention" was insufficient in these circumstances to maintain a domicile in Michigan. *Id.* In a more recent example from this District, the court found that a plaintiff who resided in Kenya but "intend[ed] to return to the U.S. (possibly Maryland) or France" when the business venture with her husband in Kenya was completed did not constitute "proof that she intends to live indefinitely in Maryland." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1066 (D. Minn. 2013) (Tunheim, J.) (citing *Gilbert*, 235 U.S. at 570). The circumstances in this case are similar to those in *Gilbert* and *Damon*. Johnson has a "floating intention" to return to Wisconsin but that is insufficient to demonstrate that he intends to live there indefinitely.

Because Johnson is physically present in Minnesota and the record before the Court demonstrates he intends to reside in Minnesota indefinitely, the Court concludes there is no diversity jurisdiction. Further, nothing in the Complaint suggests that Johnson's allegations, even construed liberally, support a claim based on "the Constitution, laws or treaties of the United States." *See* 28 U.S.C. § 1331. Therefore, the Court likewise does not have federal question jurisdiction. *See Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) ("A federal question is raised in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (internal quotation marks omitted)). Because

6

the Court has neither diversity nor federal question jurisdiction, the Court recommends the Motion to Dismiss be granted.[2]

As illustrated by the hearing in this matter, the dispute between the parties seems to be primarily focused on Johnson's desire to pursue a workers' compensation claim and the bureaucratic and logistic hurdles that have frustrated that goal. The Court is optimistic that the parties will be able amicably resolve their dispute without further intervention from either this Court or the state court.[3]

### III. RECOMMENDATION

Based on the files, records, and proceedings here in, **IT IS HEREBY RECOMMENDED** that Defendant MUY Pizza Minnesota, LLC's Motion to Dismiss [Doc. No. 6] be **GRANTED** and this case be **DISMISSED without prejudice.**

Dated: January 26, 2018

*s/Steven E. Rau*
Steven E. Rau
United States Magistrate Judge

**Notice**

---

[2] Because the Court lacks subject matter jurisdiction, it declines to consider whether Johnson can maintain a claim under the MWCA in federal court.

[3] MUY described Johnson's earlier, similar lawsuit in state court. *See* (Mem. in Supp. at 4–6). It appears the state court has now dismissed that lawsuit. *See* Register of Actions, No. 27-cv-17-9144, *available at* http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=1624587982 (stating the case was dismissed without prejudice); *but see* (Mot.) [Doc. No 28] (stating that MUY's motion to dismiss the state court action was granted in part and denied in part). Regardless, because this Court lacks jurisdiction, it need not closely examine the contours of Johnson's state court case or its impact on this litigation.

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).