**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| DAVID JOHN JOHNSON<br><br>                    Plaintiff,<br><br>v.<br><br>MUY PIZZA MINNESOTA, LLC,<br><br>                    Defendant. | Civil No.  17-3649 (JRT/SER)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

David John Johnson, 392 66th Avenue Northeast, Fridley, MN  55432, *pro se*.

Alex M. Hagstrom & William A. McNab, **WINTHROP & WEINSTINE, PA**, 225 South Sixth Street, Suite 3500, Minneapolis, MN  55402, for defendant.

Plaintiff David John Johnson brought this action against Defendant MUY Pizza Minnesota, LLC ("MUY Pizza"), alleging that he suffered a personal injury as a result of MUY Pizza's negligence.  MUY Pizza moved to dismiss Johnson's action for lack of subject-matter jurisdiction.  On January 26, 2018, Magistrate Judge Steven E. Rau recommended granting MUY Pizza's motion.  After an independent review of the files, records, and proceedings, the Court will conclude that it lacks subject-matter jurisdiction and will dismiss the action.

## BACKGROUND

Since 2006, Johnson has been a delivery driver at a Pizza Hut owned by MUY Pizza in St. Louis Park, Minnesota. (Compl. ¶ 4, Aug. 9, 2017, Docket No. 1.) Johnson alleges that MUY Pizza's drivers were forced to wash dishes while standing in one to two inches of water and that he developed foot mycosis and incurred medical expenses as a result.[1] (*Id.* ¶¶ 11-12.) Johnson brought a personal-injury claim against MUY Pizza under the Minnesota Workers' Compensation Act.[2] (*Id.* ¶¶ 26-29.)

MUY Pizza moved to dismiss for lack of subject-matter jurisdiction. (Mot. to Dismiss, Aug. 31, 2017, Docket No. 6.) In particular, MUY Pizza argues that the Court lacks subject-matter jurisdiction because (1) Johnson has not established diversity jurisdiction because he is a resident of Minnesota, and (2) Johnson has not alleged a federal question. (Mem. Supp. Mot. to Dismiss at 7-13, Aug. 31, 2017, Docket No. 8.) Johnson opposed MUY Pizza's motion, arguing that he is a resident of Wisconsin. (Opp. Mem. at 2, Oct. 5, 2017, Docket No. 21.) Johnson cites evidence that (1) his rented room in Fridley is "temporary"; (2) he has a Wisconsin driver's license; (3) his car insurance lists a Wisconsin address; (4) he is a registered voter and has been called for jury duty in

---

[1] In his objections, Johnson states, "The Judge is wrong when he said Johnson alleges that he 'has incurred and continues to incur foot mycosis.' I do have foot Mycosis . . .." (Obj. at 1, Feb. 9, 2018, Docket No. 33.) The Magistrate Judge did not make a finding that Johnson does not have foot mycosis. A complaint is a compilation of factual allegations, and the Magistrate Judge's statement was consistent with the role of a complaint in a civil action.

[2] Throughout his complaint, Johnson also alleges that MUY Pizza also discriminated against Johnson and other employees on the basis of race, sexual orientation, and disability. (Compl. ¶¶ 13-20.) Despite these allegations, Johnson's sole claim is for personal injury and, therefore, these allegations are not relevant to the Court's analysis.

LaCrosse County, Wisconsin; and (5) he is only temporarily living in Fridley because his company is located in Fridley.  (*Id.*)

On January 26, 2018, the Magistrate Judge issued a report and recommendation ("R&R"), recommending that the Court grant MUY Pizza's motion to dismiss for lack of subject-matter jurisdiction.  (R&R at 1, Jan. 26, 2018, Docket No. 32.)  The Magistrate Judge concluded that Johnson "is—and has been for the past several years—physically present in Minnesota" and that Johnson only has a "floating intention" to return to Wisconsin.  (*Id.* at 5-6.)  Additionally, the Magistrate Judge concluded that Johnson's allegations do not support a claim based on a federal question.  (*Id.* at 6.)

Johnson objects to the Magistrate Judge's report and recommendation.  (Obj., Feb. 9, 2018, Docket No. 33.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

"'Federal courts are courts of limited jurisdiction' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013)

(quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject-matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013). To promote judicial economy, the Court may examine evidence outside the pleadings when reviewing a jurisdictional question. *Osborn v. United States*, 918 F.2d 724, 729-30 (8th Cir. 1990). The plaintiff must establish jurisdiction "by competent proof and by a preponderance of the evidence." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017) (quoting *Russell v. New Amsterdam Cas. Co.*, 325 F.2d 996, 998 (8th Cir. 1964)).

Subject matter jurisdiction under 28 U.S.C. § 1332 exists "only where there is complete diversity, that is 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)). Citizenship is determined by a person's (1) "physical presence in a state" and (2) "intent to remain there indefinitely." *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). A "floating intention" to return to a former domicile is insufficient to establish citizenship. *Gilbert v. David*, 235 U.S. 561, 570 (1915); *see also Damon*, 937 F. Supp. 2d at 1066. The Court examines the facts existing at the time of filing in assessing whether diversity jurisdiction exists. *Eckerberg*, 860 F.3d at 1084.

"Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of a

federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

## II. DIVERSITY JURISDICTION

Johnson objects to the Magistrate Judge's conclusion that Johnson is a citizen of Minnesota for purposes of diversity jurisdiction. (Obj. at 2.) In particular, Johnson argues that he has more than a "floating intention" to return to Wisconsin because he is "only here because [his] company was doing business with" Pizza Hut and he is "gone" as soon as he "get[s] his deal back with Pizza Hut Corporate." (*Id.*)

There is no dispute that MUY Pizza is a citizen of Minnesota. Nor is there a dispute that Johnson is physically present in Minnesota. *Altimore*, 420 F.3d at 768. The only issue for the Court is whether Johnson intends to remain in Minnesota indefinitely. *Id.* Johnson has produced some evidence tending to suggest that he is a citizen of Wisconsin. Johnson has a Wisconsin Driver's License listing a Wisconsin address and Johnson's car-insurance policy lists the same address. (Sealed Ex. A at 1, Oct. 5, 2017, Docket No. 22; Exs. B-G at 1, Oct. 5, 2017, Docket No. 23.) Moreover, Johnson maintains that he intends to return to Wisconsin once his business in Minnesota has concluded. (Obj. at 2; Opp. Mem. at 2.)

However, other evidence demonstrates that Johnson has nothing more than a "floating intention" to return to Wisconsin. *Gilbert*, 235 U.S. at 570. Johnson has worked at the St. Louis Park Pizza Hut since December 2006. (Compl. ¶ 4.) Both the

Complaint and a Direct Deposit Authorization Agreement establish that Johnson resides in Fridley, Minnesota.  (Compl. at 1; Decl. of Dawson Bremer ¶ 7, Aug. 31, 2017, Docket No. 9.)  The Direct Deposit Authorization Agreement also shows that Johnson has a phone number with a Minnesota area code and that Johnson maintains a checking account at a Wells Fargo bank in St. Louis Park, Minnesota.  (Decl. of Dawson Bremer ¶ 7.)

Johnson has not proven by competent proof and by a preponderance of the evidence that he resides in Wisconsin.  *See Eckerberg*, 860 F.3d at 1084.  He demonstrates only a "floating" intention to return there.  *See Gilbert*, 235 U.S. at 570.  Johnson has worked in Minnesota for over a decade.  He maintains a Minnesota address, a Minnesota phone number, and a checking account at a Minnesota bank.  Johnson's intent to return to Wisconsin after the completion of his business is indefinite and does not constitute proof that he intends to live indefinitely in Wisconsin.  *See Damon*, 937 F. Supp. 2d at 1066.  Accordingly, the Court finds that Johnson intends to remain in Minnesota indefinitely.

Because the Court finds that Johnson (1) is physically present in Minnesota and (2) intends to remain in Minnesota indefinitely, the Court concludes that there is no diversity jurisdiction.

### III.   FEDERAL QUESTION JURISDICTION

Because Johnson has not established complete diversity of citizenship, the Court must dismiss Johnson's action if there is no federal-question jurisdiction.  Johnson's sole claim arises from the Minnesota Workers' Compensation Act.  (Compl. ¶¶ 26-29

(citing Minn. Stat. § 176.021).) Johnson does not allege a violation of the United States Constitution or a federal statute. 28 U.S.C. § 1331. Accordingly, the Court concludes that it lacks federal-question jurisdiction. Therefore, the Court must dismiss Johnson's action.[3]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation [Docket No. 33] is **OVERRULED** and the Magistrate Judge's Report and Recommendation [Docket No. 32] is **ADOPTED;**

2. Defendant MUY Pizza's Motion to Dismiss for Lack of Jurisdiction [Docket No. 6.] is **GRANTED**; and

3. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 16, 2018　　　　　　　　　_____John N. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　United States District Court

---

[3] Johnson also states, "I am confused how the court can't have jurisdiction when I have been to Federal court with identical parameters. Instead of a company in Texas a company in Michigan. Civil case NO. 03-CV-4194. There is court precedent to think about." (Objs. at 2.) In the case cited by Johnson, the parties stipulated to dismissal. Order for Dismissal, *Johnson v. Domino's Pizza, LLC*, No. 03-4194 (D. Minn. Aug. 17, 2004), ECF. No. 12. The district court made no finding of subject-matter jurisdiction and, therefore, Johnson's prior case has no bearing on the outcome of this case.